The opinion of the Court was delivered by
Munro, J.
This was an appeal from an order granting a writ of prohibition against further proceedings under a verdict found by a jury of freeholders and magistrates in a ease of landlord and tenant. The suggestion upon which the .order was issued, is filed by James M. Stocker, and states that the facts of the case, as developed upon the trial, show that the said James M. Stocker went into possession of the premises in dispute upon the 15th of December, 1854, at the rate of six hundred dollars per annum, to be paid quarterly, without any agreement stated between the said Stocker and his landlord, George W. Cooper, as to the time at which the said occupation should terminate. It seems also from the evidence accompanying the report, that a few days before the year had expired, Mr. Cooper notified Mr. Stocker that he would be unable to renew his lease for another year, except upon certain conditions, and that these conditions not having been complied with, Cooper notified Stocker on the 15th December, *293 1855, just one year from the period of his entry upon the premises, that his lease had expired, and demanded possession. Stocker claimed the right of three months’ notice to quit; the issue was made up, and was submitted to the jury of freeholders, who, under the charge of the magistrates presiding, found for the plaintiff. In his suggestion, Stocker states, that he conceives there is no question of fact in the case, that he relies on the law, and founds his prayer for the writ of prohibition upon the allegation that the charge of the presiding magistrates is erroneous and contrary to law. The plaintiff in his objections to the order for the writ of prohibition, which he also uses as his grounds of appeal here, after taking issue upon the question of law, also submits that prohibition cannot be granted for mere error in law. We think, without expressing any opinion upon any other portion of the case, that this last objection is well founded.
In Leonard’s case, 3 Rich. 113, the Judge who delivered the opinion of the Court, says, “ There is a wide difference between the different modes of bringing up cases for review and revision from inferior tribunals to the Courts of superior jurisdiction; and they ought not to be confounded from a desire to do justice in one forum, when it should be applied for in another. The true office of a writ of prohibition is not to enable the superior Courts to correct mere errors in judgment, as may be done on motions of appeal where appeals are allowed, or by writ of certiorari: but to restrain the usurpations of inferior tribunals, and to compel them to observe the limits of their jurisdiction.”
In the present case there is no pretence that the Court of magistrates and freeholders have exceeded their powers, or in any way gone beyond the limits of their jurisdiction. Their right to adjudicate the matter in controversy is undisputed.
The sole object of the suggestion is to correct, an error in judgment on the part of the presiding magistrates as to the construction of an Act of Assembly; and, according to *294 Leonard’s case, this cannot be effected by the writ of prohibition. We are of the opinion that, according to the precedent of the State vs. Prioleau, 2 Hill, 367, the proper mode of correcting errors in law on the part of inferior tribunals, in cases like the present, is by writ of certiorari, and that on this ground the order granting the writ of prohibition must be set aside.
The motion is granted.
O’Neall, Wardlaw, Withers and Whitner, JJ., concurred.

Motion granted.